## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Archbishop Kingpimp Shortymacknifisent and The International Alfred Bilbo Gholson Church of Ministries, Incorporated, | Civ. No. 22-766 (DSD/BRT) |
| Plaintiffs, | **ORDER AND REPORT AND RECOMMENDATION** |
| v. | |
| Tracy Beltz et al., | |
| Defendants. | |

Archbishop Kingpimp Shortymacknifisent, MCF Faribault, 1101 Linden Lane, Faribault, MN 55021, for Plaintiffs.

This matter comes before the Court on (1) the initial filing submitted by Plaintiffs "Archbishop Kingpimp Shortymacknifisent"—also known as Phoebus Phaeton Apollo—and the "International Alfred Bilbo Gholson Church of Ministries, Incorporated" (hereinafter referred to as the "Church") (Doc. No. 1, Compl.); and (2) Plaintiffs' filing titled "Petition in Motion/Notice of Motion" (Doc. No. 11, Counsel Mot.). For the following reasons, the Court recommends dismissing the Church from this action as a plaintiff, orders Shortymacknifisent to file an amended complaint consistent with the directions below, and denies the Counsel Motion.

Shortymacknifisent is a prisoner at the Minnesota Correctional Facility in Faribault, Minnesota. As the Court understands the Complaint, Shortymacknifisent

purports to be a member of the Church named as this action's second plaintiff. (*See generally* Compl.)

The Court received the Complaint on March 30, 2022. (*See* Compl. at 1.) It appears to name almost fifty separate people and entities as defendants. (*See id.* at 5–7.) For each defendant, Plaintiffs provide a short set of allegations laying out purportedly problematic conduct. (*Compare id. with id.* at 7–12.) To the extent the allegations have any common theme, they concern Shortymacknifisent's claims that the various defendants are failing to appropriately respect his religious beliefs as a member of the Church. (*See id.* at 5–12.) For relief, Plaintiffs seek compensatory damages, punitive damages, and various forms of injunctive relief. (*See id.* at 7–12.)

Since starting this action, Plaintiffs have filed numerous motions and other filings on various topics. (*See generally* Docket.) These include the Motion for Counsel, which the Court construes as a request for this Court to appoint counsel for Plaintiffs in this matter. (*See* Counsel Mot. at 1.)

The Complaint suffers from two obvious threshold problems. The first concerns Shortymacknifisent's attempt to include the Church as a plaintiff. He cannot do this. There is no indication that Shortymacknifisent is an attorney, and caselaw is clear that a nonlawyer generally cannot represent another person or entity in federal court. *See, e.g.*, *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (citing cases); *Vance v. Cty. of Ramsey*, No. 20-CV-949 (NEB/HB), 2020 WL 7490033, at *2 (D. Minn. Dec. 21, 2020). The Court therefore recommends dismissing the Church from this action.

The Complaint's second threshold problem is that it suffers from serious joinder problems. Under Federal Rule of Civil Procedure 18(a), "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." This permissive rule lets a plaintiff "join as many claims as he or she has against an opposing party." *Headley v. Bacon*, 828 F.2d 1272, 1275 (8th Cir. 1987); *see also, e.g.*, *Amen El v. Schnell*, No. 20-CV-1327 (DSD/ECW), 2021 WL 509280, at *2 (D. Minn. Feb. 11, 2021), *report and recommendation adopted*, 2021 WL 880679 (D. Minn. Mar. 9, 2021).

Once a plaintiff joins multiple defendants, however, he or she must also satisfy Rule 20(a)(2). Under that rule, "[p]ersons . . . may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." *See, e.g.*, *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010) (quoting Rule 20(a)(2)); *Blevins v. Pearson*, No. 18-CV-2270 (DSD/DTS), 2018 WL 6814183, at *2 (D. Minn. Nov. 30, 2018) (same), *report and recommendation adopted*, 2018 WL 6807391 (D. Minn. Dec. 27, 2018). "Despite the broad language of Rule 18(a)," one treatise explains, "[a] plaintiff may join multiple defendants in a single action only if [the] plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 Mary Kay Kane, Federal Practice & Procedure § 1655 (3d ed. Westlaw, updated April 2022); *see also, e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)

3

("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . .").

Rule 20(a)(2) is especially relevant in prisoner litigation. Making plaintiffs put unrelated defendants into different lawsuits avoids the "morass produced by multi-claim, multi-defendant suits . . . ." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (quoting *George*, 507 F.3d at 607 (internal quotation marks omitted)); *see also Blevins*, 2018 WL 6814183, at *2 (quoting *Owens*). In addition, the Prison Litigation Reform Act ("PLRA") requires that prisoners pay filing fees for all civil actions, and prisoners can only file a certain number of meritless lawsuits (or appeals) before being generally barred from seeking *in forma pauperis* status. *See* 28 U.S.C. § 1915(b)(1), (g). The upshot is that a prisoner who might otherwise have to pay multiple filing fees for multiple lawsuits might try to avoid that outcome by combining unrelated claims against unrelated defendants into a single action. *See Owens*, 635 F.3d at 952; *Blevins*, 2018 WL 6814183, at *2.

The Complaint contains several distinct sets of claims, each apparently involving different transactions and occurrences. To take but one example, the Complaint's allegations concerning Tracy Beltz—MCF-Faribault's warden—seem to involve utterly different facts than those involved in its allegations against, say, "Downtown Minneapolis T.C.F. Bank." (*See* Compl. at 7, 11).) Rule 18(a) would permit Shortymacknifisent's suit if he had named only one defendant and he, she, or it were truly involved in all of his various sorts of claims. But he names dozens of defendants, which demands that the Complaint also comply with Rule 20(a)(2). In present form, it

4

plainly does not. In Rule 20 terms, Shortymacknifisent has not asserted rights to relief against each Defendant that all arise from the same "transaction, occurrence, or series of transactions or occurrences."

The Complaint thus exemplifies the sort of "morass" that Rule 20(a)(2) aims to prevent. Furthermore, letting Shortymacknifisent bring (for practical purposes) multiple actions in one would let him avoid filings for which he should face PLRA-related requirements and consequences (e.g., filing fees). The Court thus concludes that the Complaint suffers from misjoinder.

Because Shortymacknifisent is proceeding *pro se*, the Court will give him the opportunity to file an amended complaint. In this pleading, Shortymacknifisent needs to pick the one transaction or occurrence (or series of transactions or occurrences) to pursue in this action and limit the pleading's allegations to the defendants involved in that transaction, occurrence, or series. Similarly, Shortymacknifisent should only include claims that arise out of the relevant transaction, occurrence, or series—in other words, claims related to each other. *See* Fed. R. Civ. P. 20(a)(2).[1] If Shortymacknifisent wants to sue multiple defendants based on more than one set of events, then he must bring additional suits and accept the PLRA-related consequences.

The amended complaint is due within 28 days of this Order's date. In addition to complying with the joinder rules laid out above, it must meet all of the following requirements:

---

[1]    Alternatively, Shortymacknifisent may choose to select one defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

- First, the amended complaint must be an entirely new pleading. It may not be a supplement or addition to the current Complaint; it must stand on its own.

- Second, the amended complaint must include a complete and coherent description of the historical facts on which Shortymacknifisent's lawsuit is based.

- Third, the amended complaint must identify clearly each defendant that Shortymacknifisent intends to sue, describe what he or she or it did (or failed to do) that was unlawful, and explain how his or her or its action (or inaction) violated Shortymacknifisent's rights or applicable law.

- Fourth, to the extent that Shortymacknifisent claims that individual people violated his federal constitutional rights, the amended complaint must also indicate the capacity in which Shortymacknifisent intends to sue each of those people (i.e., his or her individual capacity, official capacity, or both).

If the amended complaint does not comply with these directions—or the Court's joinder guidance above—this Court will recommend dismissing this action. *See* Fed. R. Civ. P. 41(b); *see also Olson v. Little*, No. 92-2123, 1992 WL 309847 (8th Cir. Oct. 27, 1992) (affirming *sua sponte* dismissal for Rule 8 violation).

This leaves the Counsel Motion. The decision to appoint counsel in civil proceedings is "committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citing cases); *see also Cox v. Comm'r of Dep't of Hum. Servs.*, No. 19-CV-1956 (JRT/DTS), 2020 WL 1049114, at *3 (D. Minn. Jan. 31, 2020) (citing cases), *report and recommendation adopted*, 2020 WL 1043711 (D. Minn. Mar. 3, 2020). When deciding whether to appoint counsel in a civil action, a court should consider, among other things, "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4)

6

the ability indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing cases); *Williams v. Howard*, No. 20-CV-0439 (NEB/JFD), 2021 WL 4237610, at *2 (D. Minn. Sept. 17, 2021) (presenting similar list (quoting *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013)).

At this stage of this litigation, it is unclear what Shortymacknifisent will focus on in his amended complaint. The Court thus cannot readily analyze the factors noted above, and therefore denies the Counsel Motion. This denial, however, is without prejudice to Shortymacknifisent submitting another request for counsel if and when he submits an amended complaint limiting this action's scope.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Plaintiff Archbishop Kingpimp Shortymacknifisent must submit an amended pleading that complies with this Order within 28 days, failing which the Court will recommend dismissing this matter without prejudice for failure to prosecute and/or failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

2.    Plaintiff's filing titled "Petition in Motion/Notice of Motion" (Doc. No. 11), construed as motion for the appointment of counsel, is **DENIED** without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff International Alfred Bilbo Gholson Church of Ministries, Incorporated, be **DISMISSED** from this action.

Dated: May 6, 2022                    *s/ Becky R. Thorson*
                                      BECKY R. THORSON
                                      United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).