```
                UNITED STATES DISTRICT COURT
                    DISTRICT OF MINNESOTA
                  CIVIL NO. 22-766(DSD/BRT)
```

Archbishop Kingpimp Shortymacknifisent,

        Plaintiffs,

v.                                                          **ORDER**

Tony Hunter, et al.,

        Defendants.

    This matter is before the court upon the report and recommendation of United States Magistrate Judge Becky R. Thorson dated November 18, 2022. In the R&R, the magistrate judge recommended rulings on numerous issues and motions presently before the court. Plaintiff Archbishop Kingpimp Shortymacknifisent thereafter filed two notices, the latter of which is styled as an objection to the R&R. ECF No. 95. The earlier notice is more difficult to decipher, but the court will also construe it as an objection. See ECF No. 94.

    The court reviews de novo any portion of the R&R to which specific objections are made. See 28 U.S.C. § 636(b)(1)(c). The court liberally construes a document filed by a pro se litigant. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Liberal construction means that the court construes a pro se litigant's filing "in a way that permits the [litigant]'s claim to be considered within the proper legal framework." Stone v. Harry,

364 F.3d 912, 915 (8th Cir. 2004) (applying liberal construction to a pro se complaint).  Pro se litigants are not held to the same stringent standards as formal pleadings drafted by lawyers.  See Erickson, 551 U.S. at 94.  Liberal construction does not mean, however, that the court will supply additional facts or construct legal theories on behalf of the litigant.  See Stone, 364 F.3d at 914.

Plaintiff's objections – each two pages in length - are not specifically or coherently stated.  As best the court can tell, plaintiff generally disagrees with the magistrate judge's analysis and conclusions.  Because he has not cogently identified specific objections to the R&R that would warrant discussion, the court will adopt the thorough and well-reasoned R&R in its entirety.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The R&R [ECF No. 92] is adopted in its entirety;

2. The objections [ECF Nos. 94, 95] are overruled;

3. Plaintiff's filing at ECF No. 65 is the operative complaint in this action;

4. The claims against defendant MCF-Stillwater are dismissed without prejudice for lack of jurisdiction;

5. The official capacity claims are dismissed without prejudice for lack of jurisdiction;

6. The official capacity claims seeking prospective injunctive relief are dismissed without prejudice for failure to state a claim;

7. The individual capacity claims against defendants Guy Bosch, "Quist," "Grievance Coordinator," "Grievance Authority," "Demay," "Swanson," John Landrette, "Senior Librarians on the DOC Staff," Sue Norton, Jessica Stewart, Martha Woltman, Corey Felda, "Hammer," "Davis," "Clark," "Kline," "Winberg," "African Officer Whose First and Last Name Begins with a D," "R. Holmes," "Zempel," "Otoo," and "Dr. McCann" are dismissed without prejudice for failure to state a claim;

8. Plaintiff's motions at ECF Nos. 8, 17, and 36 — as well as the portion of ECF No. 9 that asks the court to order service on defendants — is denied as moot;

9. Plaintiff's motions at ECF Nos. 18, 19, 34, 41, 47, 50, 51, 59, 85, 88, and 91 — as well as the remaining portion of ECF No. 9, and ECF Nos. 20 and 45 (to the extent that they seek affirmative relief) — are denied;

10. Plaintiff's motions at ECF Nos. 15, 37, 48, 49, and 55 are denied without prejudice;

11. Plaintiff's fourth complaint [ECF No. 84] is stricken;

12. Plaintiff's motion to amend [ECF No. 87] is denied;

3

13.  Given (1) the court's grant of plaintiff's application to proceed in forma pauperis in this action [see ECF No. 79], and (2) the court's determination that plaintiff had no assets and no means by which to pay any initial partial filing fee [see id.], plaintiff is ordered to pay the unpaid balance of $350.00 of the filing fee in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the clerk of court is ordered to provide notice of this requirement to the authorities at the institution where plaintiff is confined; and

14.  The following actions shall govern service of process:

a.  Plaintiff shall submit a properly completed Marshal Service Form (Form USM-285) for defendants "Chaplain Scott," "Chaplain Paul," "Hennen," Marisa Williams, Victor Wancheca, "Reid," "CPD Moe," Corey Anderson-Moe, "Lt. Spets," "T. Harrington," "AWO Stenseth," Nikki Vee, "Kruschke," and "Captain Darling;"

b.  If plaintiff does not complete and return the Marshal Service Forms within 30 days of this order's date, this matter will be dismissed without prejudice for failure to prosecute;

c.  The clerk of court shall provide plaintiff with Marshal Service Forms;

4

      d.    After the return of the completed Marshal Service Forms, the clerk of court shall seek waiver of service — consistent with Rule 4(d) of the Federal Rules of Civil Procedure — from defendants "Chaplain Scott," "Chaplain Paul," "Hennen," Marisa Williams, Victor Wancheca, "Reid," "CPD Moe," Corey Anderson-Moe, "Lt. Spets," "T. Harrington," "AWO Stenseth," Nikki Vee, "Kruschke," and "Captain Darling;" and

      e.    If a defendant fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the court will impose on that defendant the expenses later incurred in effecting service of process.

Dated: December 7, 2022

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court