UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Archbishop Kingpimp Shortymacknifisent,                    Case No. 22-cv-766 (DSD/LIB)

                Plaintiff,

v.                                                                        **ORDER AND**
                                                          **REPORT AND RECOMMENDATION**
Tracy Beltz, et al.,

                Defendants.

---

      This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of 28 U.S.C. § 636, and upon Defendants' Motion to Dismiss, [Docket No. 116]; Plaintiff's Motion for Summary Judgment, [Docket No. 125]; Plaintiff's Motion to Appoint Counsel, [Docket No. 134]; and Plaintiff's request for a hearing. [Docket No. 139]. The Court took the parties' Motions under advisement on the parties' written submissions following the completion of briefing on said Motions. Finding no hearing necessary, the Court issues the present Order and Report and Recommendation.

      For the reasons discussed herein, Plaintiff's Motion to Appoint Counsel, [Docket No. 134], is **DENIED**, and Plaintiff's request for a hearing, [Docket No. 139], is **DENIED**.

      Furthermore, the Court recommends that Defendants' Motion to Dismiss, [Docket No. 116], be **GRANTED in part** and **DENIED in part**; that Plaintiff's Motion for Summary Judgment, [Docket No. 125], be **DENIED**; and the above captioned matter be **DISMISSED without prejudice**.

I.      **Background**[1]

Proceeding pro se, Plaintiff Archbishop Kingpimp Shortymacknifisent—also known as Phoebus Phaeton Apollo—initiated this action on March 30, 2022, by filing his Complaint naming almost fifty defendants encompassing a wide range of different situations and circumstances. (Compl. [Docket No. 1]). At the time he filed his Complaint, Plaintiff was incarcerated at the Minnesota Correctional Facility located in Stillwater, Minnesota ("MCF Stillwater"); he presently remains incarcerated at this same facility. (See Id.). Following the filing of his Complaint, Plaintiff filed a litany of various documents. (See [Docket Nos. 2–91]).

On November 18, 2022, the Honorable Becky R. Thorson, Magistrate Judge for the United States District Court, District of Minnesota, to whom this case was originally assigned, issued an Order and Report and Recommendation addressing Plaintiff's various filings and screening Plaintiff's causes of action. (Order and Report and Recommendation [Docket No. 92]). Upon reviewing Plaintiff's filings, Judge Thorson determined that Plaintiff's Third Amended Complaint, [Docket No. 65], was the operative pleading in the present case. (Order and Report and Recommendation [Docket No. 92] at 2–6).

Judge Thorson then reviewed Plaintiff's Third Amended Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A. (Order and Report and Recommendation [Docket No. 92] at 6–14). In undertaking this review, Judge Thorson recommended that several of Plaintiff's claims be dismissed, including all of Plaintiff's official capacity claims, and she further recommended the

---

[1] For the purposes of the present motion to dismiss, the Court accepts the facts alleged in the Complaint as true and construes said facts in the light most favorable to Plaintiff. See Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 476 (8th Cir. 2008). The facts here are taken from Plaintiff's Third Amended Complaint, [Docket No. 65], as well as, documents and judicial records implicitly referenced in Plaintiff's Third Amended Complaint and matters of public record. Generally, in evaluating a complaint, materials outside the pleading cannot be considered on a motion to dismiss. See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). However, a Court "may consider the pleadings themselves, exhibits attached to the pleadings, and matters of public record" such as judicial records. See, e.g., Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010) (citing Porous Media Corp., 186 F.3d at 1079); Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003); Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007).

dismissal of the majority of the Defendants named in this action. (Order and Report and Recommendation [Docket No. 92] at 8–13). Judge Thorson, however, also concluded that Plaintiff had presented several individual-capacity constitutional claims that contained sufficient specificity to raise his right to relief above the speculative level, at that then early stage of these proceedings. Judge Thorson defined Plaintiff's remaining claims as follows:

> These constitutional claims appear to include a First Amendment claim related to Plaintiff's religious diet, several access-to-courts claims under the Fourteenth Amendment's Due Process Clause, and a deliberate-indifference claims under the Eighth Amendment. Specifically, Plaintiff alleges the following.
>
> - Plaintiff alleges that Defendants "Chaplain Scott" and "Chaplain Paul" inappropriately denied him a religious diet, and that Defendant "Hennen" knew his religious diet had been rejected. Plaintiff also alleges that this denial related to a "food service issue," and that when Plaintiff informed staff that he was filing a lawsuit, Defendants came to his cell and had him fill out an application.
> - Plaintiff alleges that various MCF-Stillwater personnel (Marisa Williams, "Reid," "CPD Moe," Corey Anderson-Moe, "Lt. Spets," "T. Harrington," "AWO Stenseth," Nikke Vee, "Kruschke," and "Captain Darling") denied him access to the courts. Specifically, Plaintiff alleges that Defendants failed to properly handle his kites and/or grievances in various ways.
> - Plaintiff alleges that he "repeatedly" informed Defendant Victor Wanchena that he needed a new shower chair because another inmate "well over 300 pounds" was using it. Plaintiff further alleges that the chair broke while he was using it and that he hit his head and "nearly broke" several of his fingers.

(Order and Report and Recommendation [Docket No. 92] at 13–14) (citations and footnote omitted). Judge Thorson noted that although Plaintiff's remaining claims were "thinly presented," the claims were sufficient to allege "potential constitutional violations" at the "initial screening stage[.]" (Id. at 14). Judge Thorson also specifically noted that her findings regarding Plaintiff's surviving claims were "without prejudice to the remaining Defendants, after service, answering or otherwise responding to the Third [Amended] Complaint in any way permitted by

the Federal Rules of Civil Procedure." (Id. at 14 n.10). Plaintiff appears to raise his claims pursuant to 42 U.S.C. § 1983.

On December 7, 2022, the Honorable David S. Doty, District Court Judge for the United States District Court, District of Minnesota, issued an Order, [Docket No. 96], adopting Judge Thorson's Order and Report and Recommendation in its entirety. Following entry of Judge Doty's Order, the only remaining Defendants in the present case were "Chaplain Scott," "Chaplain Paul," "Hennen," Marisa Williams, "Reid," "CPD Moe," Corey Anderson-Moe, "Lt. Spets," "T. Harrington," "AWO Stenseth," Nikke Vee, "Kruschke," "Captain Darling," and Victor Wanchena. (Id.). Plaintiff's only remaining claims were those claims identified by Judge Thorson in her November 18, 2022, Order and Report and Recommendation.

In response to Plaintiff's Third Amended Complaint, the remaining Defendants filed the present Motion to Dismiss. [Docket No. 116]. In their Motion, Defendants argue that Plaintiff's remaining claims should all be dismissed with prejudice.

Thereafter, Plaintiff filed his Motion for Summary Judgment. [Docket No. 125]. In his Motion, Plaintiff generally asserts that he, as a matter of law, is entitled to summary judgment being entered in his favor on all of his remaining claims.[2]

## II.    Defendants' Motion to Dismiss. [Docket No. 116].

Through their present Motion, Defendants seek the dismissal with prejudice of all of Plaintiff's remaining claims. (See Defs.' Mot. [Docket No. 116]; Def.'s Mem. [Docket No. 117]; Proposed Order [Docket No. 119]). Defendants argue that Plaintiff's claims should be dismissed

---

[2] Plaintiff also filed a document he entitled a "Petition for Emergency Injunctive Relief." [Docket No. 139]. This document does not, however, seek injunctive relief against Defendants. Rather, the document filed at Docket No. 139 is more aptly described as a request for a hearing and "briefing schedule" on the parties' other Motions. However, the Court's review of the parties' Motions, the documents submitted in support thereof, and the documents submitted in opposition thereto finds that oral argument on these Motions is unnecessary and would offer no benefit to the Court in the consideration of said Motions. Additionally, Plaintiff's request for a "briefing schedule" is moot because the parties' Motions were all fully briefed at the time Plaintiff submitted his request. Thus, Plaintiff's Motion, [Docket No. 139], seeking a hearing date and "briefing schedule" is denied.

with prejudice because Plaintiff has failed to state a claim for which relief may be granted. (Defs.' Mem. [Docket No. 117] at 6–12).

As Judge Doty previously observed, (Order [Docket No. 96]), Plaintiff's filings are at times difficult to decipher. Nevertheless, it is apparent from Plaintiff's filings that Plaintiff opposes Defendants' Motion to Dismiss. Plaintiff's opposition to the present Motion, however, appears to be based solely on his continued, conclusory assertions that his constitutional rights are being violated. (See Plf.'s Mem. [Docket No. 123]).

### A. Standard of Review

In addressing a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, courts accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. See, e.g., Varga v. U.S. Nat'l Bank Ass'n, 764 F.3d 833, 838 (8th Cir. 2014); Riley v. St. Louis County Mo., 153 F.3d 627, 629 (8th Cir. 1998) (citing Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir. 1998)); Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556–67)

(quotations omitted). In assessing a complaint's sufficiency, the court may disregard legal conclusions couched as factual allegations. See Iqbal, 556 U.S. at 686; Hager v. Ark. Dep't of Health, 735 F.3d 1009, 1013 (8th Cir. 2013). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 684.

To state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983, "a plaintiff must [allege] (1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." McDonald v. City of Saint Paul, 679 F.3d 698, 704 (8th Cir. 2012) (quoting Shrum ex rel Kelly v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001)). A plaintiff must plead facts sufficient to demonstrate that an individual defendant was directly and personally involved in an alleged constitutional violation. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985); Clemmons v. Armontrout, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights.").

In considering a motion to dismiss aimed at a pro se complaint, the Court must "liberally construe[]" the pro se complaint because "a pro se complaint, however inartfully pleaded, must be held to less stringent standard than formal pleadings drafted by lawyers." Erikson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, the facts alleged in even a pro se complaint—with the benefit of liberal construction—must state a claim for relief as a matter of law. Sorenson v. Minnesota Dep't of Corr., No. 12-cv-1336 (ADM/AJB), 2012 WL 3143927, at *2 (D. Minn. Aug. 2, 2012) (citing Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980)). "Although pro

se pleading are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984); see Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted).

**B. Free Exercise of Religion Claim**

As observed above, Plaintiff alleges that Defendants "Chaplain Scott" and "Chaplain Paul" inappropriately denied him a "religious diet," and that Defendant "Hennen" knew his religious diet had been rejected. (Third Amended Compl. [Docket No. 65] at 5). Plaintiff further alleges that when he wrote a letter informing "them" that he was filing a lawsuit, "they both" came to his cell "and had an application that [he] knew nothing about." (Id.).[3]

While prisoners, such as Plaintiff, retain their constitutional rights while incarcerated, they are subject to limitations on those rights "in light of the needs of the penal system." Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 982 (8th Cir. 2004). Consequently, the constitutional claims of prisoners are evaluated under a lesser standard of scrutiny, even though the same claims would receive strict scrutiny analysis if brought by a member of the public who was not incarcerated. Id. "A prison regulation or action is valid, therefore, even if it restricts a prisoner's constitutional right if it is 'reasonably related to legitimate penological interest.'" Id. (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). The Courts give "great deference to the judgment and expertise of prison officials, particularly with respect to decision that implicate institutional security." Gladson v. Iowa Dep't of Corr., 551 F.3d 825, 831–32 (8th Cir. 2009) (quoting Murphy, 372 F.3d at 983).

---

[3] Plaintiff does not provide any further information identifying or explaining this "application." (See Id.).

In analyzing a Free Exercise of Religion claim in the context of a prisoner-claimant, the Court first considers two threshold issues: "whether the challenged governmental action infringes upon a sincerely held religious belief," and whether the governmental action places a "substantial burden" on the inmate's ability to practice his religion. Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 813 (8th Cir. 2008); Murphy, 372 F.3d at 983, 988; Gladson v. Iowa Dep't of Corr., 551 F.3d 825, 833 (8th Cir. 2009); Pittman v. Jesson, No. 12-cv-1410 (SRN/TNL), 2014 WL 4954286, at *15 (D. Minn. Sept. 30, 2014); Daywitt v. Minnesota, No. 14-cv-4526, 2015 WL 4094199, at *7 (D. Minn. July 6, 2015). To qualify as a substantial burden, the challenged governmental action

> must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion.

Patel, 515 F.3d at 813 (quoting Murphy, 372 F.3d at 988); Weir v. Nix, 114 F.3d 817, 820 (8th Cir. 1997). It is "the inmate [who] bears the burden of establishing that the correction facility has placed a substantial burden on" his ability to practice his religious beliefs. Gladson v. Iowa Dep't of Corr., 551 F.3d 825, 833 (8th Cir. 2009).

In the present case, Plaintiff has failed to satisfy either of this threshold burdens. Thus, Plaintiff's Free Exercise of Religion claim fails as a matter of law. Pittman v. Swanson, No. 11-cv-3658 (PJS/TNL), 2023 WL 2404044, at *9 (D. Minn. Jan. 27, 2023), report and recommendation adopted, 2023 WL 2238703 (D. Minn. Feb. 27, 2023); Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 815 (8th Cir. 2008); Gladson v. Iowa Dep't of Corr., 551 F.3d 825, 834 (8th Cir. 2009); Braun v. Walz, No. 20-cv-331 (NEB/DTS), 2021 WL 1321348, at *11 (D. Minn. Jan. 29, 2021), report and recommendation adopted, 2021 WL 871217 (D. Minn. Mar. 9, 2021).

In determining whether an individual has a "sincerely held religious belief," Courts are hesitant to adjudicate the sincerity of an individual's religious beliefs. Braun v. Walz, No. 20-cv-331 (NEB/DTS), 2021 WL 1321348, at *11 (D. Minn. Jan. 29, 2021), report and recommendation adopted, 2021 WL 871217 (D. Minn. Mar. 9, 2021); Wright v. Fayram, No. 11-cv-1, 2012 WL 2312076, at *12 (N.D. Iowa June 18, 2012), report and recommendation adopted, 2012 WL 2838366 (N.D. Iowa July 10, 2012). Similarly, Courts have recognized that "[t]he determination of what is a 'religious' belief or practice is more often than not a difficult and delicate task." Love v. Reed, 216 F.3d 682, 687 (8th Cir. 2000). Nevertheless, to properly plead a free exercise of religion claim, a claimant is required to plead sufficient, specific facts "to show that those [at-issue] beliefs form a religion and are sincerely held." Braun v. Walz, No. 20-cv-331 (NEB/DTS), 2021 WL 1321348, at *11 (D. Minn. Jan. 29, 2021), report and recommendation adopted, 2021 WL 871217 (D. Minn. Mar. 9, 2021).

In the present case, Plaintiff has failed to plead sufficient facts to demonstrate that Defendants' actions infringe upon a sincerely held religious belief. While the Court does not reach any determination on whether Plaintiff believes what he says, even liberally construing his Third Amended Complaint in his favor, accepting as true all the facts alleged therein, and drawing all reasonable inferences thereon in his favor, Plaintiff has failed to plead a sufficient factual basis upon which this Court could reasonably conclude that Plaintiff's at-issue beliefs are "sincerely held religious" beliefs. For example, Plaintiff fails to provide any factual allegations which "describe others who engage in similar spiritual practice, tell of the tenants and teachings, or elaborate on the metaphysical beliefs or ultimate ideas of" his religion. See Braun v. Walz, No. 20-cv-331 (NEB/DTS), 2021 WL 1321348, at *11 (D. Minn. Jan. 29, 2021), report and recommendation adopted, 2021 WL 871217 (D. Minn. Mar. 9, 2021).

In fact, Plaintiff offers scant factual allegations about his religious beliefs. (See Third Amended Compl. [Docket No. 65]). The only information provided by Plaintiff regarding his religious beliefs is that his religion involves some unidentified type of "religious diet," (Id. at 5); that his prophet is "Tupac Amaru Shakur," (Id. at 5, 8); and that his cell is his sanctuary. (Id. at 5, 8).[4] Plaintiff, however, fails to provide any context for what that "religious diet" entails or allege any facts demonstrating that the food available to him fails to comport with his "religious diet." (See Id. at 5). Plaintiff also alludes to a "cigar prop" being related to his religion, but here again, he fails to plead any facts explaining or elaborating on this allusion. (See Id. at 7). Plaintiff also alleges that he is the "sole founding Archbishop" of two religions: the "Gholsonism as a religion" and "The International Alfred Bilbo Gholson Church of Ministries, Incorporated." (Id. at 1, 8, 10) (cleaned up).[5] Even accepting all of these allegations as true and drawing all reasonable inferences thereon in Plaintiff's favor, Plaintiff has failed to plead facts demonstrating that his beliefs are "sincerely held religious beliefs."

Similarly, even liberally construing his Third Amended Complaint, accepting as true all the facts alleged therein, and drawing all reasonable inferences thereon in his favor, Plaintiff has failed to plead a factual basis upon which this Court could reasonably conclude that Defendants' alleged conduct placed a "substantial burden" on Plaintiff's ability to practice his religion. Plaintiff "provides no description of his religion . . . or why he was unable to practice his religion during this period. The facts alleged are conclusory and do not describe a substantial burden on [his] ability to practice his religion." Hamilton v. Higgins, No. 4:22-cv-292 (LPR/PSH), 2022

---

[4] Although it is not entirely evident from the allegations in his Third Amended Complaint, Plaintiff allegations also include several assertions implying that he is a prominent religious figure inside his own religion. (See Id. at 6, 7) (providing that three days after his release from incarceration "all shall see god" and further noting that Plaintiff follows his "precept and tenant: promulgate who I am! And my King" (cleaned up)).

[5] Throughout his Third Amended Complaint, Plaintiff also conclusorily states that he was a "target because of [his] religion." (Id. at 8) (cleaned up). This is, however, exactly the type of conclusory statement the Court is not bound to accept as true. See, e.g., Twombly, 550 U.S. at 556–67); Iqbal, 556 U.S. at 684–86; Hager, 735 F.3d at 1013.

WL 4464616, at *2 (E.D. Ark. Sept. 26, 2022), report and recommendation adopted, 2023 WL 23019 (E.D. Ark. Jan. 3, 2023). "[T]o allege a substantial burden on his free exercise of religion, Plaintiff must provide some greater factual detail about what his religious beliefs are and how Defendants' actions burdened Plaintiff's ability to live out those beliefs." Davis v. Edwards, No. 4:21-cv-606, 2022 WL 407121, at *4 (E.D. Mo. Feb. 10, 2022).

Although Plaintiff alleges that Defendants "Chaplain Scott" and "Chaplain Paul" inappropriately denied him a religious diet, Plaintiff also alleges "they" later provided him with an "application" which Plaintiff appears to allege is related to his dietary request. (See Third Amended Compl. [Docket No. 65] at 5). Even assuming solely for the sake of argument that Defendants "Chaplain Scott" and "Chaplain Paul's" denial of Plaintiff's first request for a "religious diet" interfered with Plaintiff's practice of his religion, "an isolated, intermittent, or otherwise de minimis denial or interruption of an inmate's religiously required diet does not substantially burden his religious belief." Mbonyunkiza v. Beasley, 956 F.3d 1048, 1054 (8th Cir. 2020).

Moreover, Plaintiff fails to allege that no alternative means exist through which he could adhere to the dietary restrictions of his religion, whatever those unspecified restrictions may be. (See Id.). If an adequate alternative means exists for the inmate to express adherence to his chosen faith and engage in those activities that are fundamental to his religion, then there is no substantial burden on the inmate's ability to freely practice his religious beliefs. See, e.g., Gladson, 551 F.3d at 833; Patel, 515 F.3d at 813; Weir, 114 F.3d at 820; Murphy, 372 F.3d at 983; Clemons v. Basham, No. 4:22-cv-158 (SRW), 2022 WL 6722377, at *8 (E.D. Mo. Oct. 11, 2022).

In summary, even liberally construing his Third Amended Complaint, accepting as true all the facts alleged therein, and drawing all reasonable inferences thereon in his favor, Plaintiff has failed to meet his burden of demonstrating that Defendants' alleged conduct infringed upon Plaintiff's "sincerely held religious belief." Similarly, even liberally construing his Third Amended Complaint, accepting as true all the facts alleged therein, and drawing all reasonable inferences thereon in his favor, Plaintiff has failed to meet his burden of demonstrating that Defendants' alleged conduct placed a "substantial burden" on his ability to practice his religion.

Based on these findings, the Court concludes that Plaintiff has failed to plead facts upon which a reasonable inference could be based that Defendants violated Plaintiff's constitutional rights as protected by the First Amendment's Free Exercise Clause. Thus, with regard to his First Amendment claim related to his "religious diet," Plaintiff has failed to state a claim upon which relief may be granted.

Therefore, to the extent Defendants' Motion to Dismiss, [Docket No. 116], seeks dismissal of Plaintiff's First Amendment claim related to his "religious diet," the undersigned recommends that Defendants' Motion to Dismiss, [Docket No. 116], be **GRANTED**. It is recommended, however, that this dismissal be without prejudice. See, e.g., Judah v. Ovsak, 550 F. Supp. 3d 687, 710 (D. Minn. 2021); Azure v. Stordahl, No. 21-cv-1389 (NEB/ECW), 2022 WL 3644896, at *3 (D. Minn. Aug. 24, 2022), aff'd, No. 22-2946, 2023 WL 3673264 (8th Cir. May 26, 2023). Thus, to the extent Defendants' Motion to Dismiss, [Docket No. 116], seeks dismissal with prejudice of Plaintiff's First Amendment claim related to his "religious diet," the undersigned recommends that Defendants' Motion to Dismiss, [Docket No. 116], be **DENIED**.[6]

---

[6] Additionally, Plaintiff's First Amendment free exercise claim warrants dismissal as it relates to Defendant "Hennen" because Plaintiff fails to plead any factual allegations demonstrating that Defendant "Hennen" was directly and personally involved in the denial of Plaintiff's "religious diet." See, e.g., McDonald v. City of St. Paul, 679 F.3d 698, 704 (8th Cir. 2012); Shrum ex rel Kelly v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001); Beard v.

## C. Access to Courts Claim

As observed above, Plaintiff also alleges that various members of the jail staff at MCF Stillwater unconstitutionally interfered with or inhibited his access to the court as secured by the First and Fourteenth Amendment. Generally, Plaintiff's access to courts claim is based on his allegation that Defendants interfered with Plaintiff's submission of kite forms and grievances.

Plaintiff's specific factual allegations regarding each Defendant vary. Regarding Defendant Williams, Plaintiff alleges that on two occasions Defendant Williams "intercepted" a kite form submitted by Plaintiff, and she sent the form back to him with the instruction to follow the proper chain of command even though, Plaintiff alleges, he was in fact already following the chain of command. (Third Amended Compl. [Docket No. 65] at 5). The kite forms allegedly intercepted by Defendant Williams involved Plaintiff request for an "indigent copy form" and a "canteen issue." (Id.). As for Defendant Reid, Plaintiff's only assertion is that Defendant Reid has a "personal issue with [Plaintiff], e.g., (4 example)" when Plaintiff "strove to get the names and official capacities" for some unidentified persons, Defendant Reid "intercepted" Plaintiff's kites. (Id. at 6) (cleaned up). Plaintiff also alleges that when he submitted kite forms to Defendants "LT. Spets," "T. Harrington," "AWO Stenseth," "Captain Darling," "CPD Moe," or Corey Anderson-Moe, he received no response which allegedly caused his subsequent grievance form to be denied for failing to follow the chain of command. (Id. at 7–9). Plaintiff alleges that Defendant Nikke Vee intercepts Plaintiff's kite forms that are directed at other members of the jail staff. (Id. at 9). Lastly, Plaintiff alleges that Defendant "Kruschke" refused to send Plaintiff

---

Lockhart, 716 F.2d 544, 545 (8th Cir. 1983); Monnell v. Dep't of Soc. Servs., 436 U.S. 659, 691 (1978); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985); Clemmons v. Armontrout, 477 F.3d 962, 967 (8th Cir. 2007). Plaintiff merely alleges that Defendant "Hennen" was aware that Plaintiff's request had been denied. This is an insufficient basis upon which to find liability under § 1983.

copies of his "2010 name change document" and a kite form Plaintiff had previously sent to the "admin. manager." (Id.).

Under the First Amendment, the freedom to petition includes the right of access to the courts. See BE & K Const. Co. v. N.L.R.B., 536 U.S. 516, 524–25 (2002); Bill Johnson's Restaurants, Inc. v. N.L.R.B., 461 U.S. 731, 741 (1983). The due process clause of the Fourteenth Amendment makes the First Amendment applicable to the states. Republican Party of Minnesota v. White, 416 F.3d 738, 748 (8th Cir. 2005). To state a claim for relief, a plaintiff must allege he suffered an actual injury caused by the alleged limited access, such as the inability to file a nonfrivolous complaint or the dismissal of a nonfrivolous claim. See Lewis v. Casey, 518 U.S. 343, 351 (1996); White v. Kautzky, 494 F.3d 677, 680 (8th Cir. 2007) (providing that to prove actual injury a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded"). Further, the plaintiff must show that the alleged deprivations actually hindered his efforts to pursue a nonfrivolous legal claim. Beaulieu v. Ludeman, No. 7-cv-1535 (JMR/JSM), 2008 WL 2498241, at *18 (D. Minn. June 18, 2008).

Even liberally construing his Third Amended Complaint, accepting as true all factual allegations therein, and drawing all reasonable inference in his favor, Plaintiff has not alleged a factual basis upon which this Court could reasonably conclude that Defendants' alleged actions resulted in actual harm or injury, such as the loss or rejection of a nonfrivolous legal claims. See Beaulieu, 2008 WL 2498241, at *18; Munt v. Schnell, No. 18-cv-3390 (DWF/ECW), 2020 WL 968353, at *4 (D. Minn. Feb. 28, 2020), aff'd, No. 20-1594, 2020 WL 5588650 (8th Cir. Aug. 7, 2020). While Plaintiff's Third Amended Complaint makes references to Defendants allegedly refusing to respond to Plaintiff's kite forms or requiring Plaintiff to resubmit kite forms through the chain of command when he had already submitted said forms in accordance with the chain of

command, Plaintiff's Third Amended Complaint lacks any factual allegations regarding the substance or merit of any legal claim underlying his kite and grievance forms. "Like any other element of an access [to courts] claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to" plead the access to courts claim. Here, Plaintiff's Third Amended Complaint lacks any factual allegations regarding any underlying cause of action or lost remedy. In fact, Plaintiff's Third Amended Complaint lacks even any allegations that the at-issue kite forms and grievance would have resulted in litigation.

Therefore, to the extent Defendants' Motion to Dismiss, [Docket No. 116], seeks dismissal of Plaintiff's access to courts claim, the undersigned recommends that Defendants' Motion to Dismiss, [Docket No. 116], be **GRANTED**. It is recommended, however, that this dismissal be without prejudice. See, e.g., Judah, 550 F. Supp. 3d at 710; Azure, 2022 WL 3644896, at *3. Thus, to the extent Defendants' Motion to Dismiss, [Docket No. 116], seeks dismissal with prejudice of Plaintiff's access to courts claim, the undersigned recommends that Defendants' Motion to Dismiss, [Docket No. 116], be **DENIED**.

### D. Eighth Amendment Claim

As observed above, Plaintiff also raises a claim alleging that after he "repeatedly" informed Defendant Victor Wanchena that he needed a new shower chair, said shower chair broke while Plaintiff was using the chair. Plaintiff further alleges that the chair breaking caused him to hit his head and "nearly" break several of his fingers. Although Plaintiff does not identify the specific legal mechanism through which he wishes to raise this cause of action, liberally construing his pleading in his favor, it appears that he is attempting to raise a conditions of confinement claim under the Eighth and Fourteenth Amendment.

Under certain circumstances, the conditions of a prisoner's confinement can give rise to Eighth Amendment violations. Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993). "To prevail on an Eighth Amendment claim, an inmate must prove both an objective element, which asks whether the deprivation was sufficiently serious, and a subjective element, which asks whether the defendant officials acted with a sufficiently culpable state of mind." Id.

When an inmate's challenge is directed at a prison condition, "the state of mind giving rise to liability is deliberate indifference" which "requires a highly culpable state of mind approaching actual intent." Id. at 1373–74. Negligence, inadvertence, or even gross negligence is insufficient to satisfy this standard. Id. at 1374; Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). "Deliberate indifference is akin to criminal recklessness . . . ." Drake ex rel. Cotton v. Koss, 445 F.3d 1038, 1042 (8th Cir. 2006). Additionally, "[c]laims under the Eighth Amendment require compensable injury to be greater than de minimis." Irving v. Dormire, 519 F.3d 441, 448 (8th Cir. 2008).

Thus, in order to properly plead a violation of his Eighth Amendment rights in the present case, Plaintiff must allege sufficient facts demonstrating that (1) use of the shower chair posed a substantial risk of serious harm to him, (2) Defendant Wanchena knew of but disregarded or was deliberately indifferent to Plaintiff's safety while Plaintiff used the "shower chair," and (3) a greater than de minimis injury resulted from Plaintiff's use of the shower chair.

Plaintiff's Third Amended Complaint fails to allege sufficient facts to satisfy any of the three required prongs. Even liberally construing his Third Amended Complaint, accepting as true all the facts alleged therein, and drawing all reasonable inferences thereon in his favor, Plaintiff has failed to plead sufficient facts upon which this Court could reasonably conclude that Plaintiff has satisfied any other these three required showings.

As a preliminary matter, Plaintiff's Third Amended Complaint fails to allege a factual basis upon which this Court could reasonably conclude that the "shower chair" posed a substantial risk of harm to Plaintiff. Plaintiff's only allegation on this point is that another inmate weighing "well over 300 pounds" used the same chair, and Plaintiff told Defendant Wanchena to get another "shower chair." This is an insufficient basis upon which to conclude that the "shower chair" in its then present condition posed a substantial risk of harm to Plaintiff.

Moreover, even assuming solely for the sake of argument that Plaintiff had alleged facts demonstrating that the use of the "shower chair" posed a substantial risk of harm to him, Plaintiff has failed to plead facts demonstrating that Defendant Wanchena knew of this hypothetical, substantial risk of harm to Plaintiff but deliberately disregarded it. Plaintiff alleges only that he told Defendant Wanchena to get a new chair. (See Third Amended Compl. [Docket No. 65] at 6). This is an insufficient basis to conclude that Defendant Wanchena knew of, but deliberately disregarded, a substantial risk of harm to Plaintiff related to the "shower chair." See, e.g., Warren v. Missouri, 995 F.2d 130 (8th Cir. 1993) (finding that, where a prison worker on an industrial table saw was injured from a board being "kicked back" by the saw, the allegation that the immediate supervisor failed to equip the saw with "anti-kickback finger," despite knowledge of similar prior injuries, fell "far short" of demonstrating deliberate indifference); Choate v. Lockhart, 7 F.3d 1370, 1375 (8th Cir. 1993). Plaintiff fails to allege any facts demonstrating that Defendant Wanchena was aware that the "shower chair" was in danger of breaking.

Moreover, Plaintiff has also failed to allege more than a de minimis injury. Plaintiff's only allegations of injury are that when he fell, he "hit [his] head and nearly broke several of [his] fingers," but he does not allege that he required any medical attention or treatment resulting from the fall. (Third Amended Compl. [Docket No. 65] at 6) (cleaned up). Plaintiff allegations

17

that he "hit" his head and "nearly broke" his fingers demonstrate only a de minimis injury, and therefore, his alleged injuries do not implicate the Eighth Amendment. See, e.g., Wertish v. Krueger, 433 F.3d 1062, 1067 (8th Cir. 2006) (relatively minor scrapes and less-than permanent shoulder aggravation are de minimis injuries); Wyatt v. Delaney, 818 F.2d 21, 23 (8th Cir. 1987) (an accidental blow to the face that caused two small scratches inside the prisoner's mouth is a de minimis injury); Everett v. Winston, No. 1:19-cv-115 (DPM/PSH), 2021 WL 4098612, at *12 (E.D. Ark. Aug. 18, 2021) (concluding that a failure to allege a request for medical treatment indicates that the alleged injuries "were at most de minimis"), report and recommendation adopted, 2021 WL 4097140 (E.D. Ark. Sept. 8, 2021); Rodriguez v. Page, No. 1:15-cv-22 (BSM/PSH), 2017 WL 3015876, at *5 (E.D. Ark. May 9, 2017) (concluding that the injuries were de minimis in nature where a prisoner who fell in the shower suffered scratches on his elbow with swelling and bruising on his leg and knee), report and recommendation adopted, 2017 WL 3015875 (E.D. Ark. July 14, 2017), aff'd, 749 F. App'x 482 (8th Cir. 2019); Heiderscheid v. Dakota Cnty. Sheriff Off., No. 18-cv-1180 (JNE/LIB), 2020 WL 5128147, at *15 (D. Minn. July 22, 2020) (finding bruises caused by the application of pressure to pressure points to be a de minimis injury), report and recommendation adopted, 2020 WL 5106816 (D. Minn. Aug. 31, 2020), aff'd, 848 F. App'x 678 (8th Cir. 2021).

    In summary, even liberally construing his Third Amended Complaint, accepting as true all factual allegations therein, and drawing all reasonable inferences in his favor, Plaintiff's Third Amended Complaint fails to provide a basis upon which this Court could reasonably conclude that Defendant Wanchena knew of but deliberately disregarded a substantial risk to Plaintiff's safety in not providing a new "shower chair." Likewise, Plaintiff's Third Amended Complaint fails to provide a basis upon which this Court could reasonably conclude that Plaintiff's fall from

the "shower chair" caused Plaintiff anything other than a de minimis injury. Thus, Plaintiff's Eighth Amendment claim fails.

Therefore, to the extent Defendants' Motion to Dismiss, [Docket No. 116], seeks dismissal of Plaintiff's Eighth Amendment claim related to Plaintiff's alleged fall from the "shower chair," the undersigned recommends that Defendants' Motion to Dismiss, [Docket No. 116], be **GRANTED**. It is recommended, however, that this dismissal be without prejudice. See, e.g., Judah, 550 F. Supp. 3d at 710; Azure, 2022 WL 3644896, at *3. Thus, to the extent Defendants' Motion to Dismiss, [Docket No. 116], seeks dismissal with prejudice of Plaintiff's Eighth Amendment claim, the undersigned recommends that Defendants' Motion to Dismiss, [Docket No. 116], be **DENIED**.

## III.    Plaintiff's Motion for Summary Judgment. [Docket No. 125].

Plaintiff's Motion for Summary Judgement appears to argue that he is entitled to judgment being entered in his favor as a matter of law. In support of this request, Plaintiff merely repeats several of the assertion he previously made in support of his claims.

For all the reasons discussed above, the Court has, however, already determined that Plaintiff's remaining claims fail. The Court need not repeat its discussion here. It is sufficient to state that with regard to each of Plaintiff's remaining claims he has failed to state a claim upon which relief may be granted. Consequently, Plaintiff is not entitled to summary judgment being entered in his favor on any remaining claim.

Therefore, the undersigned recommends that Plaintiff's Motion for Summary Judgment, [Docket No. 125], be **DENIED**.

**IV.    Plaintiff's Motion to Appoint Counsel. [Docket No. 134].**

Plaintiff again asks this Court to appoint him legal counsel. (Plf.'s Mot. [Docket No. 134]). Plaintiff's assertions in support of this request, however, largely mirror his argument in support of his claims. (Id.).

There is no constitutional or statutory right to appointed counsel in civil litigation. See, e.g., Crozier for A.C. v. Westside Cmty. Sch. Dist., 973 F.3d 882, 889 (8th Cir. 2020) (quoting Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996)); Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Whether to appoint counsel in civil proceedings like these is a decision "committed to the discretion of the trial court." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997) (citing cases); In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986). Factors to consider include "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." Crozier, 973 F.3d at 889 (citing cases).

In the present case, Plaintiff's filings, although at times hard to decipher, largely demonstrates that Plaintiff is able to communicate his concerns and arguments to the Court in written materials, and the Court has no reason to believe that litigating this action will be so factually or legally complex as to warrant the appointment of counsel. Furthermore, at this stage of the proceeding and especially in light of the present recommendation of dismissal, there is no reason to believe that conflicting testimony will present any difficulties. The Crozier factors, thus, weigh in favor of denying Plaintiff's request for counsel.

Therefore, Plaintiff's Motion to Appoint Counsel, [Docket No. 134], is **DENIED**.

## V.    Conclusion

Therefore, for the foregoing reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1.  Plaintiff's Motion to Appoint Counsel, [Docket No. 134], is **DENIED**; and

2.  Plaintiff's request for a hearing, [Docket No. 139], is **DENIED**.

Furthermore, based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.  Defendants' Motion to Dismiss, [Docket No. 116], be **GRANTED in part** and **DENIED in part**, as set forth above;

2.  Plaintiff's Motion for Summary Judgment, [Docket No. 125], be **DENIED**; and

3.  The above captioned matter be **DISMISSED without prejudice**.

Dated: June 8, 2023

s/Leo I. Brisbois
Hon. Leo I. Brisbois
United States Magistrate Judge

## N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).