```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                CIVIL NO. 22-766(DSD/LIB)
```

Archbishop Kingpimp Shortymacknifisent,

       Plaintiff,

v.                                        **ORDER**

Tracy Beltz, et al.,

       Defendants.

    This matter is before the court upon the order and report and recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois dated June 8, 2023.  In the order and R&R, the magistrate judge ordered and recommended rulings on numerous issues and motions presently before the court.  Plaintiff Archbishop Kingpimp Shortymacknifisent has filed an objection.  ECF No. 164.

    The district court will modify or set aside a magistrate judge's order on a nondispositive issue only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a).  This is an "extremely deferential" standard. <u>Reko v. Creative Promotions, Inc.</u>, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  <u>Chakales v. Comm'r of Internal Revenue</u>, 79 F.3d 726, 728 (8th Cir. 1995) (citations and internal quotation marks

omitted). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (citations and internal quotation marks omitted).

The court reviews de novo any portion of the R&R to which specific objections are made. See 28 U.S.C. § 636(b)(1)(c).

The court liberally construes a document filed by a pro se litigant. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Liberal construction means that the court construes a pro se litigant's filing "in a way that permits the [litigant]'s claim to be considered within the proper legal framework." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (applying liberal construction to a pro se complaint). Pro se litigants are not held to the same stringent standards as formal pleadings drafted by lawyers. See Erickson, 551 U.S. at 94. Liberal construction does not mean, however, that the court will supply additional facts or construct legal theories on behalf of the litigant. See Stone, 364 F.3d at 914.

Plaintiff's 19-page objection is not specifically or coherently stated. As best the court can tell, plaintiff generally disagrees with the magistrate judge's analysis and conclusions as to both the order and the R&R. Because plaintiff has not cogently identified specific objections to the R&R that would warrant discussion and has not identified any issues in the order that were clearly erroneous

or contrary to law, the court will adopt the thorough and well-reasoned order and R&R in its entirety.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The order and R&R [ECF No. 160] is adopted in its entirety;

2. The objection [ECF No. 164] is overruled;

3. The motion to dismiss [ECF No. 116] is granted in part and denied in part as set forth in the R&R;

4. The motion for summary judgment [ECF No. 125] is denied; and

5. This matter is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: June 28, 2023

s/David S. Doty
David S. Doty, Judge
United States District Court
